■ In the Matter of the Claim of FRANK MAGWOOD, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 26, 1978, holding that claimant's Special Unemployment Assistance benefits expired June 25, 1978, and, further, that claimant could not claim State benefits based on the same unemployment period used to support Federal benefits. Claimant filed a claim, effective December 20, 1977, for benefits under the Federal Special Unemployment Assistance Program of title 2 of the Emergency Jobs and Unemployment Assistance Act of 1974 (88 US Stat 1845, 1850) because his employment with the City of New York was not covered by State unemployment insurance. This Federal assistance program expired by its own terms on June 30, 1978. Subdivision 12 of section 590 of the Labor Law provides a method whereby benefits based upon previously uncovered employment and paid pursuant to the provisions of title 2 of the Federal Emergency Jobs and Unemployment Assistance Act of 1974 may be continued during the balance of 1978, after the termination of the Federal plan. This methodology, called a transitional claim, mandates that a claimant who had worked in uncovered employment, as did claimant herein, and used his period of uncovered service to qualify for Federal assistance, cannot use the same weeks of uncovered service to establish entitlement to State benefits. Here, when the number of weeks that claimant worked for New York City is deducted from the total number of weeks of employment during the base period, he clearly lacked the requisite number of weeks of

covered employment necessary to file a valid original claim. While it is clear that had claimant filed his claim on January 2, 1978 rather than on December 20, 1977, he would have qualified for State benefits since section 590 (subd 12, par [a]) of the Labor Law qualified prior uncovered employment prospectively from January 1, 1978, and thus enabled a claimant to add uncovered weeks of employment to periods of covered employment in determining whether he had sufficient employment to qualify for benefits, we cannot overturn the board's determination based on claimant's allegation that he was deceived by an insurance office employee who failed to advise him to wait until January 2, 1978 to file his claim. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ., concur.